United States District Court
Southern District of Texas
**ENTERED**
April 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTURYLINK COMMUNICATIONS LLC, <br> Plaintiff, <br><br> vs. <br><br> TORQUED UP DRILLING AND DESIGN LLC, *et al.*, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <br> 4:18-cv-02111 <br><br><br><br><br> JUDGE CHARLES ESKRIDGE |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Before the Court is the Memorandum and Recommendation signed by the Magistrate Judge on February 26, 2020. Dkt 71. She there resolved the motions for summary judgment brought by Defendants Dakota Lunsford and Rockport Contracting LLC against the negligence claims asserted by Plaintiff CenturyLink Communications LLC in this action. Dkts 48, 49. The Magistrate Judge recommended denying both motions for summary judgment. Dkt 71 at 9.

Both Dakota Lunsford and Rockport Contracting filed timely objections. Dkts 73, 74. CenturyLink filed no response or objections of its own.

Dakota Lunsford objects to the portion of the Memorandum and Recommendation that finds a dispute of material fact concerning Christopher Lunsford's employment status and whether Dakota Lunsford had sufficient control over the means, methods, and details of his and his company's work at the time

of the incident to support the potential for vicarious liability. Dkt 73 at 2–3.

Rockport Contracting objects in similar fashion to the Magistrate Judge's finding that a dispute of material fact exists over whether Christopher Lunsford or his company was its independent contractor or was otherwise taking action for which it could be vicariously liable. Dkt 74 at 1–4. Rockport also objects to the conclusion that vicarious liability can be found without a specific allegation of *respondeat superior* in the original complaint. Dkt 74 at 2–3.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed the pleadings, the record, the applicable law, and the objections. The Court has also reviewed *de novo* the recommendation of the Magistrate Judge as to the negligence claim pleaded against Dakota Lunsford and Rockport Contracting to the extent raised by their objections.

The Court finds the objections of Dakota Lunsford and Rockport Contracting to lack merit. The Court finds no other clear error.

The Court OVERRULES the objections of Dakota Lunsford and Rockport Contracting LLC. Dkts 73, 74.

The Court ADOPTS the Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 71.

The Court DENIES the motion for summary judgment by Dakota Lunsford. Dkt 48.

The Court DENIES the motion for summary judgment by Rockport Contracting LLC. Dkt 49.

SO ORDERED.

Signed on April 20, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge